UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MAUREEN A. HOGAN,                           No. 13-11331

                Debtor(s).
_____/

WENDY S. SCHROEDER,

                Plaintiff(s),

    v.                                 A.P. No. 13-1134

MAUREEN A. HOGAN,

                Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

      Prior to debtor and defendant Maureen Hogan's Chapter 7 filing, creditor and plaintiff Wendy Schroeder obtained a default judgment against Hogan in state court arising out of her failure to pay a secured note. The complaint contained allegations of breach of contract and common counts as well as fraud. The state court made findings of fraud and entered a judgment for the amount owed on the note, with no punitive damages.

      Schroeder has filed this adversary proceeding hoping to establish that her claim against Hogan

1

is nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code for fraud. Schroeder has moved for summary judgment, relying on the "Rooker-Feldman Doctrine" and issue preclusion.

The "Rooker-Feldman Doctrine" has no relevance to nodischargeability litigation. *In re Lopez,* 367 B.R. 99, 103-04 (9th Cir. BAP 2007).

The finding of fraud was not necessary to the judgment. The amount of the judgment was the amount owed on the note, and could have been rendered in the same amount without a recitation of fraud. Accordingly, it would be error for the court to grant Schroeder's motion. *In re Harmon,* 250 F.3d 1240, 1248-49 (9th Cir. 2001).

There being no basis in the law for applying issue preclusion, the court need not concern itself with the fairness element of issue preclusion.

For the foregoing reasons, Schroeder's motion for summary judgment will be denied. Counsel for Schroeder shall submit a form of order if he desires one.

Dated: April 2, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

2